ABNER M. STEINBERG, Respondent, *v.* LEO SIMON and JULIUS LEIPZIGER, Copartners Doing Business under the Firm Name and Style of L. SIMON & Co., Appellants.

First Department, July 13, 1917.

**Contract — action by salesman on contract under seal to recover percentage of profits — effect of subsequent parol agreement.**

A salesman entered into a contract, under seal, which provided that he was to receive for his services a certain sum per week and a percentage of the net profits on all sales made and delivered through a certain department under his charge, to be established by his employer, and that all sales in the territory mentioned made through any other representative should be credited to said department, except sales made in the city of New York, and that as to this territory the department should receive credit for all sales made by or through said salesman. Subsequently, by verbal agreement between the parties, another salesman was employed in said department.

In an action by the salesman, who had been paid his salary in full, to recover his percentage of profits, *held*, that the plaintiff is not entitled to a percentage upon the profits from the sales made in the city of New York by the salesman employed under the verbal agreement, because said agreement remained an executory one and, hence, did not affect the original sealed contract.

APPEAL by the defendants, Leo Simon and another, from an order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 29th day of December, 1916, affirming a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fifth District, in plaintiff's favor, and also, as stated in the notice of appeal, from the original judgment of the Municipal Court entered in the office of the clerk thereof on the 20th day of June, 1916.

*I. Maurice Wormser* of counsel [*Solon B. Lilienstern*, attorney], for the appellants.

*Jacob H. Corn*, for the respondent.

SMITH, J.:

The defendants were engaged in the cotton goods business in the city of New York. They wished to extend their business,

and entered into an agreement with the plaintiff which provided that the plaintiff should act as salesman and general manager for the period of one year beginning on the 1st of December, 1914. The duties of the plaintiff were to take entire charge of the department to be established by the defendants in their place of business, to be known as department " S," and it was further provided: " *Third.* The party of the second part agrees to devote all his entire time to the sale of the merchandise of the parties of the first part to all trades, throughout the United States and Canada, to which the said parties of the first part have not sold their merchandise prior to the making of this agreement, and all such sales are to be credited to said Department ' S,' herein mentioned. All sales in the territory above mentioned made through any other representatives are to be credited to said Department ' S ' except as to sales made in the City of New York, and as to this territory, Department ' S ' shall receive credit for all sales made by or through the party of the second part."

The plaintiff was to receive for his services the sum of thirty-five dollars per week and twenty-five per cent of the net profits on all sales made and delivered through said department " S." This contract was under seal. Thereafter by verbal agreement between the parties, one Renz was employed as a salesman in said department and received for his services the sum of twelve dollars a week and one per cent upon the amount of his sales. The plaintiff was paid in full the salary named, and now sues to recover the twenty-five per cent profits in said department " S."

The appellants contend that the plaintiff should be allowed no percentage upon the profits from the Renz sales made in the city of New York, because of the fact that the original contract under seal excluded from that department all sales made in the city of New York except such as were made by the plaintiff himself, and that the agreement found by the trial court as modifying said contract, not being under seal, was ineffective to change the terms of the contract. The plaintiff contends that the parol agreement has been so far executed as to make it effective notwithstanding the rule as to the modification of a contract under seal. The majority of this court, however, is of the opinion that the parol contract

remained an executory contract, and that the plaintiff's rights must be measured by the original contract unmodified. This would require a modification of the judgment. Plaintiff has been allowed twenty-five per cent upon the profits from the Renz sales amounting to $931.56. He has charged himself with twenty-five per cent of Renz' expense, amounting to $384.99. Deducting, therefore, from $232.89, the credit he claims from the profits, $96.23, the charge that he allows for expenses, leaves $136.66 which must be deducted from this judgment.

The determination appealed from is reversed, without costs, and the judgment of the Municipal Court modified in accordance with this opinion, and as so modified affirmed.

CLARKE, P. J., DOWLING and PAGE, JJ., concurred; SHEARN, J., concurred in result.

Determination reversed, without costs, and judgment of the Municipal Court modified in accordance with opinion, and as so modified affirmed. Order to be settled on notice.